14-4144-cr
United States v. Davis

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand and fifteen.

Present:
       PETER W. HALL,
       RAYMOND J. LOHIER, JR.,
              *Circuit Judges*,
       CHRISTINA REISS,
              *District Judge.*[*]

---

UNITED STATES OF AMERICA,

                 *Appellee*,

       v.                                                    No. 14-4144-cr

OLUWOLE OJUDUN,

                 *Defendant*,

ANTHONY DAVIS,

                 *Defendant–Appellant*.

---

FOR APPELLANT:          George R. Goltzer, Law Office of George Robert Goltzer, New
                        York, New York.

---

[*] The Honorable Christina Reiss, Chief District Judge of the United States District Court for the District of Vermont, sitting by designation.

1

FOR APPELLEE: Daniel S. Noble, Diane Gujarati, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Anthony Davis was convicted pursuant to guilty pleas of bank fraud conspiracy in violation of 18 U.S.C. § 1349 and possession of stolen mail in violation of 18 U.S.C. § 1708. The district court sentenced Davis to the following terms of imprisonment on both counts: seven years and three years, respectively. On appeal, Davis argues that (1) the district court's intended loss calculation was "speculative[]," and (2) the district court abused its discretion by imposing an above-Guidelines sentence. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## I. The loss calculation

We "review the district court's interpretation of the Guidelines *de novo*, and its findings of fact relevant to the Guidelines application for clear error." *United States v. Broxmeyer*, 699 F.3d 265, 281 (2d Cir. 2012). When calculating the proper offense level for a crime involving altered or counterfeit instruments under the Guidelines, the district "court need only make a reasonable estimate of the loss." U.S.S.G. § 2B1.1, cmt. n.3(c); *accord United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000). The "loss" is the "greater of actual loss or intended loss." U.S.S.G. § 2B1.1, cmt. n.3(a).

Davis does not dispute that his pre-guilty plea intended loss figure was "approximately" one million dollars. Nor does Davis dispute that his post-guilty plea intended loss figure was at

2

least $4,460.  What Davis contends is that the district court's equating of "approximately one million" with one "million even" was speculative.  Davis does not point to any evidence that the intended loss was *less than* one million dollars, however, and we decline to conclude that the district court failed to "make a reasonable estimate of the loss."  U.S.S.G. § 2B1.1, cmt. n.3(c); *see also United States v. Norman*, 776 F.3d 67, 79−80 (2d Cir. 2015) (holding that the district court did not commit clear error by relying on the defendant's representation of loss where there was nothing in the record to support a finding that the loss was in fact less than that amount).

## II. The upward variance

"[A]ppellate courts may not presume that every variance from the advisory Guidelines is unreasonable."  *Rita v. United States*, 551 U.S. 338, 355 (2007).  We must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In this Circuit, we apply an abuse of discretion standard to substantive sentencing appeals.  *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009).  And we evaluate whether an upward variance "represents an abuse of discretion based on the reasons given by the district court when imposing the sentence."  *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013) (citing *United States v. Sindima*, 488 F.3d 81, 85–86 (2d Cir. 2007)).  The district court calculated a Guidelines range of 70–87 months, and imposed a 33 month upward variance from the top of that Guidelines range.

When the district court imposed the sentence in this case, she explained that the upward variance was due to Davis's continuation of his scheme after his cohorts were indicted and even *after he was arrested* for his participation and had pled guilty.  On this record there are "'sufficiently compelling' reasons to support the deviation."  *United States v. Aldeen*, 792 F.3d

247, 254 (2d Cir. 2015) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)).

Defendant contends, briefly and for the first time on appeal, that the upward variance imposed by the district court resulted in his receiving an unjustifiably disparate sentence when compared to his codefendant Oluwole Ojudun.  Ojudun, however, was not charged with or convicted of possession of stolen mail.  Nor did Ojudun abuse a position of public trust or continue the scheme post-plea.  The district court did not exceed the bounds of its discretion by imposing disparate sentences under these circumstances.

We have considered all of Davis's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4