14-2706-cr
*United States v. Aldeen*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2014

(Submitted:  June 22, 2015          Decided:  July 6, 2015)

Docket No. 14-2706-cr

UNITED STATES OF AMERICA,

*Appellee,*

v.

AHMED ALDEEN,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Before:

CABRANES, POOLER, and CHIN, *Circuit Judges.*

Appeal from a July 28, 2014 judgment of the United States District

Court for the Eastern District of New York (Townes, *J.*), sentencing defendant-

appellant Ahmed Aldeen to eighteen months' imprisonment and three years'

supervised release for a violation of the conditions of his supervised release.  On

appeal, Aldeen argues that his above-Guidelines sentence was procedurally and

substantively unreasonable.  Because we find that the district court did not

comply with its procedural obligations to provide an adequate explanation of

Aldeen's sentence, we vacate and remand for resentencing and, to the extent

necessary, further fact-finding and explanation of the sentence imposed.

     **REMANDED**.

_____

Karen L. Koniuszy and Susan Corkery, Assistant
United States Attorneys, *for* Kelly T. Currie,
Acting United States Attorney for the
Eastern District of New York, Brooklyn,
NY, *for Appellee*.

Yuanchung Lee, Federal Defenders of New York,
Inc., New York, NY, *for Defendant-Appellant*.

_____

CHIN, *Circuit Judge*:

     Defendant-appellant Ahmed Aldeen appeals from a July 28, 2014

judgment of the United States District Court for the Eastern District of New York

(Townes, *J.*), convicting him, following a guilty plea, of violating for the second

time the conditions of his supervised release by associating with a convicted

felon. As he admitted at his plea allocution, Aldeen spoke to a member of his sex offender treatment group in the subway, after one of their sessions. The district court revoked Aldeen's supervision and sentenced him to eighteen months' imprisonment to be followed by an additional three years of supervised release.

Aldeen now challenges his above-Guidelines sentence on both procedural and substantive grounds. For the reasons set forth below, we remand for further proceedings consistent with this opinion.

## BACKGROUND

In August 2008, Aldeen was convicted, following a guilty plea, of one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5) and (b)(2). In his plea allocution, Aldeen admitted that in the course of downloading adult pornography, he came into possession of two videos of child pornography, which he kept and viewed even after discovering they contained child pornography. The district court sentenced him to fifty-one months' imprisonment and three years' supervised release. The judgment contained the standard conditions of supervision, *see* U.S.S.G. § 5D1.3(c), as well as five special conditions, *see id.* § 5D1.3(d), including a ban on using a computer

or similar electronic device to access pornography "of any kind," and notifying the Probation Department of any computer to which he had access.

After being released from prison, Aldeen began serving his initial term of supervised release in February 2010. On September 28, 2011, the Probation Department charged him with violating several of his conditions of supervised release, including by failing to notify the Probation Department that he had certain access to the internet. He eventually pled guilty to failing to report to his Probation Officer. On August 22, 2012, the district court sentenced him to ten months' imprisonment, the top of the Guidelines range, as well as three additional years' supervised release. The judgment, however, was not entered until January 28, 2013.

For this second term of supervised release, the district court imposed the standard conditions of supervision and three special conditions. Relevant to this appeal are the following:

> [Standard Condition] 9) [T]he defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer . . . .
>
> [Special Condition] 1) The defendant shall participate in a mental health treatment program, which may include

- 4 -

participation in a treatment program for sexual disorders . . . .

[Special Condition] 2) The defendant is not to use a computer, Internet capable device, or similar electronic device to access pornography of any kind. . . . The defendant shall also cooperate with the United States Probation Department's Computer and Internet Monitoring program. Cooperation shall include . . . identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to . . . . The defendant may be limited to possessing only one personal Internet capable device, to facilitate our department's ability to effectively monitor his Internet related activities.[1]

App. at 47-48.

In 2014, one year into this second term of supervised release, Aldeen was again charged with violating the conditions of supervision. According to the Probation Department, Aldeen allegedly spoke with another member of his treatment group, also a convicted felon, on the subway following a group treatment session, in violation of Standard Condition 9. Probation stated that it had "received information" that Aldeen had asked his fellow group member for

---

[1]    Aldeen appealed the district court's judgment with respect to the prohibition against viewing pornography of any kind and argued that he should be permitted to view adult pornography. On motion of the government, this Court vacated the judgment and remanded for the district court to reformulate this special condition. On remand, the district court determined that it was appropriate to continue to bar Aldeen from viewing all pornography.

"assistance with leaving the country undetected." *Id.* at 60. The Probation Department also charged Aldeen with violating Special Condition 2, which barred certain possession and uses of computers and other internet capable devices, by, among other things, possessing an unreported cellphone that contained pornographic images. The Probation Department additionally charged Aldeen with committing a state crime by failing to disclose all internet accounts and identifiers, including social networking accounts, in violation of his level 1 registered sex offender obligations under the New York State Electronic Security and Targeting of On-line Predators Act.

Pursuant to an agreement with the government, Aldeen pled guilty on April 17, 2014 to the first charge: associating with a person convicted of a felony. He allocuted that he "spoke to one of [his] group at the subway," knowing the person had been convicted of a felony, and knowing that he was not supposed to have contact with other group members outside the treatment program. *Id.* at 73.

The first charge was a grade "C" violation, as defined by U.S.S.G. § 7B1.1(a)(3). Because Aldeen was in Criminal History Category II when he was originally sentenced, the Guidelines range for the violation was four to ten

months' imprisonment per U.S.S.G. § 7B1.4(a).  Because his original offense of

possession of child pornography in violation of 18 U.S.C. § 2252A was a Class C

felony, *see* 18 U.S.C. §§ 2252A(b)(2), 3559(a)(3), the maximum statutory sentence

that could be imposed on revocation was twenty-four months, *see* 18 U.S.C.

§ 3583(e)(3).

On April 23, 2014, the district court sentenced Aldeen to eighteen

months' imprisonment and an additional term of supervised release of three

years.[2]  The district court explained its sentence as follows:

> Mr. Aldeen, you haven't even tried.  You lie to
> everybody.  I looked back through my notes.  When I
> accepted your guilty plea, I did so and I said even
> though I know he's lied about parts of this, and you
> continue to do that.  You used this unauthorized
> electronic device, this cell phone.  You lied to your
> probation officer, and it was just totally unbelievable to

---

[2]        Because Aldeen is scheduled to be released from prison on July 7, 2015, it is unlikely that his term of imprisonment will be shortened by the resentencing proceedings.  *See* Fed. Bureau of Prisons, *Inmate Locator*, http://www.bop.gov/inmateloc/ (find by name: Ahmed Aldeen).  Though resentencing will likely occur after his release, a criminal case "does not necessarily become moot when the convict finishes serving the sentence" when there exists "'some concrete and continuing injury.'"  *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Aldeen's appeal is not moot "because a favorable appellate decision might prompt the district court to reduce [his] three-year term of supervised release."  *United States v. Kleiner*, 765 F.3d 155, 156 n.1 (2d Cir. 2014); *see also Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006) (finding "effectual relief" possible where "the district court might, because of our ruling, modify the length of [defendant's] supervised release").

me that you came to probation with that telephone, and you gave it to the officers downstairs and then picked it up as you were going out the door.

I mean, you just ignored the conditions that have been set for you. You admitted contact with a felon outside of the treatment facility. You lied in treatment. . . . [Y]ou took a polygraph examination,[3] which indicated that you lied in your denial of contact with minors. I just -- and this is your second violation of supervised release. I just find that in order to deter you and hopefully cause you to really think about this and stop committing these offenses, you are -- the guidelines for the violation in charge one is -- those guidelines are four to ten months. That is far too short a term to afford deterrence in this case.

I do find that my sentence, which will hopefully get to you, must be above the advisory guideline range, just to try to [a]ffect you, in causing you to obey the conditions of supervised release.

App. at 80-81. The district court concluded that Aldeen's "abidance of the conditions of supervised release, . . . ha[s] been almost nil in this case." *Id.* at 86. Judgment was entered on July 28, 2014.

This appeal followed.

---

[3] After defense counsel objected to the district court's reliance on the polygraph examination, the district court agreed that the polygraph examination, which the government had administered on February 6, 2014, would not be used as a basis for the district court's sentence.

*DISCUSSION*

We review a sentence for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012) ("[O]ur standard is 'reasonableness,' 'a particularly deferential form of abuse-of-discretion review.'") (quoting *United States v. Cavera*, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (en banc)); *see also United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014). Aldeen challenges both the procedural and substantive reasonableness of his sentence.

**A.     *Procedural Reasonableness***

**1.     *Applicable Law***

A sentence is *procedurally* unreasonable if the district court "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted).

The court must "state in open court the reasons for its imposition of [a] particular sentence," 18 U.S.C. § 3553(c), and where the sentence is outside an advisory Guidelines range, the court must also state "the specific reason" for the sentence imposed, in open court as well as in writing -- "with specificity in a statement of reasons form" that is part of the judgment, *id.* § 3553(c)(2). *See generally United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007). The sentencing court's "statement of reasons must at least explain -- in enough detail to allow a reviewing court, the defendant, his or her counsel, and members of the public to understand -- why the considerations used as justifications for the sentence are 'sufficiently compelling [] or present to the degree necessary to support the sentence imposed.'" *Id.* at 86 (alteration in original) (citation omitted) (quoting *United States v. Rattoballi*, 452 F.3d 127, 137 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)).

When a district judge deviates from an advisory Guidelines range, it must consider the "extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Cavera*, 550 F.3d at 189 (quoting *Gall*, 552 U.S. at 50)). Where there is a variance, on appellate review, "we may take the degree of variance into account and consider the extent of a

- 10 -

deviation from the Guidelines. . . . [A] major departure should be supported by a more significant justification than a minor one." *United States v. Stewart*, 590 F.3d 93, 135 (2d Cir. 2009) (internal quotation marks omitted).

These concepts apply as well to sentences for violations of supervised release. *See United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) ("The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable."). Nonetheless, there are some differences between sentencing for the underlying crime and sentencing for a violation of supervised release. Supervised release was established by the Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 *et seq.*, and was designed "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release." S. Rep. No. 98-225, at 124 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3307; *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills

rehabilitative ends, distinct from those served by incarceration."). Supervised

release is not, fundamentally, part of the punishment; rather, its focus is

rehabilitation.[4]

Though the imposition of an above-Guidelines sentence triggers a

"higher descriptive obligation," *United States v. Cassesse*, 685 F.3d 186, 193 (2d Cir.

2012), we simultaneously require less rigorous specificity where, as here, a court

sentences a defendant for violation of supervised release. *See United States v.*

*Verkhoglyad*, 516 F.3d 122, 132-33 (2d Cir. 2008) ("[A] court's statement of its

reasons for going beyond non-binding *policy statements* in imposing a sentence

after revoking a defendant's probationary term need not be as specific as has

been required when courts departed from *guidelines* that were, before *Booker*,

considered to be mandatory." (quoting *United States v. Lewis*, 424 F.3d 239, 245

(2d Cir. 2005))); *see also United States v. Hargrove*, 497 F.3d 256, 260-61 (2d Cir.

---

[4]      The Sentencing Commission, in a 2010 report, drew a parallel between the "primary purpose of supervised release -- to facilitate the reintegration of federal prisoners back into the community," and "the purpose of the Second Chance Act of 2007, . . . which was intended to 'reduce recidivism, increase public safety, and help state and local governments better address the growing population of ex-offenders returning to their communities.'" U.S. Sentencing Comm'n, *Federal Offenders Sentenced to Supervised Release* 2 n.11 (2010) (internal quotation marks omitted), http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2010/20100722_Supervised_Release.pdf (last visited July 6, 2015); *see also United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring) ("Congress has directed a shift from policing those on parole to rehabilitating them.").

2007) ("We have drawn a sharp divide between initial sentencing and the revocation of supervised release with respect to the protections and safeguards available to the individual.").

**2.** *Application*

Aldeen argues that the district court erred by failing to state in open court, and in writing as part of its judgment, the reasons for imposing an above-Guidelines sentence with the specificity required by 18 U.S.C. § 3553(c). "Section 3553(c) requires no specific formulas or incantations; rather, the length and detail required of a district court's explanation varies according to the circumstances." *Cassesse*, 685 F.3d at 192. As a general matter, the requirements of § 3553(c) have "likely been satisfied when a court's statements meet the goals 'of (1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials in developing a program to meet the defendant's needs.'" *Id.* at 192-93 (quoting *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007)). Because Aldeen did not object at sentencing to the district court's failure to explain its reasoning, we review his procedural challenge for plain error. *Villafuerte*, 502 F.3d at 208.

We conclude that the district court committed plain error by failing to adequately explain the reasoning for its sentence.

On the present record, we are not persuaded that the district court provided a sufficiently compelling justification to support the degree of the variance. *See Cavera*, 550 F.3d at 189. The district court imposed a custodial sentence of eighteen months, when the Guidelines only called for four to ten months, as well as an additional three years of supervised release. Moreover, Aldeen pled guilty only to associating with a convicted felon, and he admitted only that he "spoke to one of [his] group at the subway" following one of their group treatment sessions. App. at 73. Without more, this conduct -- speaking to a member of the treatment group in the subway after one of the sessions -- would not seem to warrant such a substantially above-Guidelines sentence. Indeed, it would seem that the district court's decision to impose an 18-month sentence and another three years of supervised release was driven by other considerations.

At the sentencing, the government argued that an above-Guidelines sentence was appropriate because Aldeen had "multiple unreported devices." *Id.* at 78. The Probation Officer argued that an above-Guidelines sentence was appropriate because Aldeen "never once reported any sexual urges in any of

those [treatment] sessions, or any struggles with pornography," and that he "seems to not be able to control himself, with not having unauthorized devices and using them for sexual purposes." *Id.* at 79. The district court seemed to accept the arguments, as it made clear that it was troubled by Aldeen's purported use of an "unauthorized electronic device, [a] cell phone." *Id.* at 80.

Aldeen pled guilty, however, only to associating with a convicted felon. He did not admit to possession of multiple unauthorized devices or using any such devices for pornographic purposes, as the Probation Department alleged, and, in fact, that charge (the second specification) was dismissed. The judgment declared that "[t]he defendant has not violated condition(s) 2-3 and is discharged as to such violation(s) [of his] condition[s]." *Id.* at 87.

Ordinarily, conduct supporting acquitted or dismissed charges may be taken into account in sentencing if the government establishes that conduct by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 155-56 (2007); *United States v. Kim*, 896 F.2d 678, 684 (2d Cir. 1990) (permitting the use of dismissed charges to support an above-Guidelines sentence). Such conduct, however, must still "relate in some way to the offense of conviction," even if that relation is not "technically covered" by the Guidelines' definition of relevant

- 15 -

conduct.  *Kim*, 896 F.2d at 684; *see also* U.S.S.G. § 1B1.3(a)(1) (defining relevant conduct as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense").  As we clarified in *United States v. Wernick*, more is required than "the bare fact of temporal overlap."  691 F.3d 108, 115 (2d Cir. 2012); *see also* *United States v. Ahders*, 622 F.3d 115, 122 (2d Cir. 2010) (requiring more than "mere temporal proximity").  For instance, "if a bank executive is engaged in embezzling money from her company from February to September, and she assaults a coworker at an office party in July," the assault could not be deemed "relevant" for the purposes of sentencing.  *Wernick*, 691 F.3d at 115.

Here, it appears that the district court relied on the allegations regarding the use of multiple unauthorized devices, even though that charge was dismissed.  But there was no hearing, and, even assuming that Aldeen made use of multiple unauthorized devices, the district court made no specific finding that the use of multiple unauthorized devices was relevant to the conduct of conviction: associating with a convicted felon by communicating with him in the

- 16 -

subway following a group treatment session. In the absence of further explanation and specific findings, it is difficult for us to evaluate whether there was a meaningful, and not merely temporal, connection.

Similarly, with respect to the subway conversation, the government argued that Aldeen had "previously absconded" and "here he is approaching somebody, asking for information about how to flee the country." App. at 78. But in his plea allocution, Aldeen admitted only to speaking with a member of the group in the subway after a session. He did not admit that he asked the group member for assistance in fleeing the country, as the government alleged. The Probation Department report asserted only that the Probation Officer had "received information" to this effect, without even identifying the source of the information. *Id.* at 60. The district court did not make any findings on this issue, and it is unclear, on this record, whether the communication between Aldeen and the group member was innocuous or whether Aldeen was genuinely up to no good.

Because there was a major deviation from the Guidelines range in this case, the district court was obliged to provide a more substantial justification for its sentence. On the current record, in the absence of specific findings and a

- 17 -

more detailed explanation, we are unable to conclude that there were "sufficiently compelling" reasons to support the deviation. *Cavera*, 550 F.3d at 189 (quoting *Gall*, 552 U.S. at 50). Moreover, we cannot discern from this record whether the district court's principal purpose in imposing eighteen months' imprisonment and three additional years of supervised release was to punish Aldeen or to further his rehabilitation.

The written statement of reasons fares no better. Section 3553(c)(2) requires that the district court state "with specificity" the "specific reason for the imposition" of an above-Guidelines sentence on the written statement of reasons form. The district court failed to do so. Instead, in its "Statement of Reasons" in the non-public portion of the judgment, the district court checked off the box for a sentence "above the advisory policy statement range," but left blank Part IV(C), which asked for an explanation of "the facts justifying a sentence outside the advisory policy statement." We have recognized that "'the better course' in such circumstances [is] 'to remand so that noncompliance with subsection 3553(c)(2) may be remedied.'" *Verkhoglyad*, 516 F.3d at 133 (quoting *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006)). At a minimum, the district court should have

completed Part IV(C) of the statement of reasons form to comport with its statutory obligations.

We acknowledge that sentencings in revocation proceedings are often conducted in a more informal manner than sentencings in the underlying criminal cases. We do not suggest that the sentencing for violations of supervised release must be accompanied by "[t]he full panoply of procedural safeguards" that attends a sentencing on initial criminal charges. *United States v. Carlton*, 442 F.3d 802, 809 (2d Cir. 2006). Nonetheless, even in the revocation context, a district court must sufficiently explain its reasoning so that the parties, the public, and a reviewing court can understand the justification for the sentence, particularly when there is a material deviation.

Accordingly, we remand to the district court for further findings and explanation. To the extent the district court relies on conduct that was the subject of the dismissed charges or on misbehavior beyond the conduct of conviction, the district court must make findings with respect to the factual bases for its sentencing decision, including, *inter alia*, whether there was a meaningful connection between the conduct of conviction and conduct falling beyond the scope of the defendant's plea. On remand, if the district court adheres to its

decision to deviate above the Guidelines range, it shall also provide a written explanation in the judgment to memorialize in writing the stated reasons for the sentence.

**B.**     *Substantive Reasonableness*

We turn now to the question of substantive reasonableness: whether the sentence of eighteen months' imprisonment and three additional years' supervised release "shock[s] the conscience," constitutes a "manifest injustice," or is otherwise substantively unreasonable. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009) (internal quotation marks omitted); *see generally Chu*, 714 F.3d at 746, 748-49. Our review for substantive unreasonableness is "particularly deferential." *Broxmeyer*, 699 F.3d at 289 (citing *Gall*, 552 U.S. at 51). We will set aside sentences as substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions,'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)), that is, when sentences "are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" *Broxmeyer*, 699 F.3d at 289 (quoting *Rigas*, 583 F.3d at 123).

As this Court has observed, "the measure of what is conscience-shocking is no calibrated yard stick." *O'Connor v. Pierson*, 426 F.3d 187, 203 (2d Cir. 2005) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)).  In the instant case, on this record, even if Aldeen's sentence does not *shock* the conscience, it at the very least *stirs* the conscience.  As suggested above, a sentence of eighteen months' imprisonment and three additional years' supervised release for speaking to a fellow member of the treatment group in the subway following a treatment session, without more, seems exceedingly harsh.  There may have been additional circumstances justifying such a material deviation, but for the reasons discussed above, on this record we are unable to discern them.  Accordingly, remand for a fuller record will facilitate appellate review of the question of substantive reasonableness as well.  *See United States v. Ahuja*, 936 F.2d 85, 89 (2d Cir. 1991) ("[I]n cases where the impact of our invalidation of a departure ground is unclear or the sentence imposed by the district court strains the bounds of reasonableness, remand for resentencing may well be warranted.").

*CONCLUSION*

For the foregoing reasons, we **REMAND** to the district court with instructions that it vacate the sentence and resentence Aldeen in accordance with the above.  Because Aldeen has already served the majority of his above-Guidelines sentence, the mandate shall issue forthwith.