14-4573-cr
United States v. Solomon-Eaton

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of January, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                      14-4573-cr

CAMILLE SOLOMON-EATON,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          EDWARD S. ZAS, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

FOR APPELLEE:           SARITHA KOMATIREDDY (Peter A. Norling, on the brief), for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Camille Solomon-Eaton appeals from the judgment of the United States District Court for the Eastern District of New York (Matsumoto, J.) convicting her of (i) sexually exploiting her minor child and (ii) distributing or receiving child pornography. Solomon-Eaton was sentenced chiefly to 17 years' imprisonment. Solomon-Eaton seeks a new trial on the grounds that (i) her Sixth Amendment right to counsel was violated when a child protective service caseworker elicited self-incriminating statements from the defendant, and (ii) the government made prejudicial and improper arguments during rebuttal summation. She also contends that her sentence was unconstitutional and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** An individual who is not a law enforcement agent can become one for Sixth Amendment purposes if he or she acts as a "government agent" who "deliberately elicit[s]" the incriminating information. United States v. Whitten, 610 F.3d 168, 193 (2d Cir. 2010) (internal quotation marks omitted). Such incriminating information is thereby suppressible only if obtained as a result of intentional effort by the government. United States v. Stevens, 83 F.3d 60, 64 (2d Cir. 1996) (discussing Massiah v. United States, 377 U.S. 201 (1964)). We review the factual findings of a district court's ruling on a suppression motion for clear error, viewing the evidence in the light most favorable to the government, and the legal conclusions de novo. See, e.g., United States v. Rodriquez, 356 F.3d 254, 257 (2d Cir. 2004).

New York courts determine whether a child protective services caseworker was an agent of law enforcement for Sixth Amendment purposes by considering "indicia of State involvement," including "a clear connection between the police and the private investigation," "completion of the

private act at the instigation of the police," "close supervision of the private conduct by the police," and "a private act undertaken on behalf of the police to further a police objective." People v. Greene, 760 N.Y.S.2d 769, 772 (App. Div. 3d Dep't 2003) (quoting People v. Ray, 491 N.Y.S.2d 283, 286 (N.Y. 1985)). While a social worker is generally not an agent of the police, id., when a child protective services caseworker has extensive interaction with law enforcement before and after interrogating the defendant, particularly when part of a formal multidisciplinary team or joint venture, New York courts tend to find that the caseworker is a law enforcement agent. See, e.g., id.; People v. Wilhelm, 822 N.Y.S.2d 786, 793-94 (App. Div. 3d Dep't 2006).

The child protective specialist here, Kerlyne Deriscar-Hinds, was not part of a multidisciplinary team or joint venture with the government. Hinds did not even learn of the case until after Solomon-Eaton was arrested. Only weeks later, on her own initiative, did Hinds seek to interview Solomon-Eaton for the purposes of her child abuse and neglect investigation. Hinds did not receive instructions from law enforcement regarding her interview beforehand, or conduct the interview with law enforcement present, or volunteer the results of her interview to the government. Because Hinds was not a government agent when she conducted her interview with Solomon-Eaton, Solomon-Eaton's Sixth Amendment claim fails.

**2.** To succeed on a claim of prosecutorial misconduct premised on statements made during summation, a defendant must show that the prosecutor's comments caused "substantial prejudice" such that the defendant was deprived of a fair trial. United States v. Tocco, 135 F.3d 116, 130 (2d Cir. 1998); see also United States v. Locascio, 6 F.3d 924, 945-46 (2d Cir. 1993). To assess whether substantial prejudice exists, we weigh "the severity of the misconduct, the measures adopted to cure [it], and the certainty of conviction absent the misconduct." United States v. Elias, 285 F.3d 183, 190 (2d Cir. 2002).

The prosecutor's rebuttal summation was a fair response to the defense summation. After defense counsel urged the jury to show "mercy" in considering Solomon-Eaton's insanity

defense, the prosecutor had "wide latitude," Tocco, 135 F.3d at 130, to characterize defense counsel's closing as a "sympathy pitch."  The prosecutor was also permitted to rebut defense counsel's arguments about "justice," provided she did so in a fair, limited way.  The rebuttal summation's brief discussion of "justice" did not substantially prejudice Solomon-Eaton.

**3.**  Our review of the substantive reasonableness of a sentence is "particularly deferential": we will set aside sentences as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions"; that is, if the sentence "shocks the conscience," if it "constitutes a manifest injustice," or if "allowing [it] to stand would damage the administration of justice." United States v. Aldeen, 792 F.3d 247, 255 (2d Cir. 2015) (internal quotation marks omitted).

A sentence violates the Eighth Amendment prohibition against "cruel and unusual punishment" only when it is "grossly disproportionate to the crime;" outside the context of capital punishment, that is "exceedingly rare." United States v. Yousef, 327 F.3d 56, 163 (2d Cir. 2003) (internal quotation marks omitted).  To determine whether a sentence is "grossly disproportionate," a court must consider the legitimacy of a legislature's basis for prescribing a certain punishment for a certain offense, and compare the gravity of the particular offense to the severity of the particular sentence. Ewing v. California, 538 U.S. 11, 23–30 (2003).

The statutory range for Solomon-Eaton's offenses (six counts of sexually exploiting her minor child and seven counts of distributing and receiving child pornography) is 15 to 320 years' imprisonment.  In imposing a 17-year sentence, the district court explicitly considered (i) Solomon-Eaton's mental history and health, (ii) her lack of diagnosed pedophilia, and (iii) her progress in mental health treatment.  Against these factors, the district court weighed (i) the gravity of the offenses, (ii) the likely future psychological and emotional harm the offenses will cause the victims, and (iii) the moral culpability of Solomon-Eaton as the parent of one of the victims.  The

4

district court's sentence of 17 years is well "within the range of permissible decisions." <u>Aldeen</u>, 792 F.3d at 255 (internal quotation marks omitted).

Nor is Solomon-Eaton's sentence "grossly disproportionate to the crime." <u>Yousef</u>, 327 F.3d at 163 (internal quotation marks omitted). The gravity of her offenses (a combined thirteen counts of sexually exploiting a minor child and distributing and receiving child pornography) warrants the severity of her sentence (barely over the statutory mandatory minimum).

Accordingly, and finding no merit in Solomon-Eaton's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK