15-1675-cr
United States v. DiProto

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of April, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

             v.                                          15-1675-cr

SAMUEL DIPROTO,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Bruce D. Koffsky, Koffsky & Felsen, LLC, Stamford, CT.

Appearing for Appellee:      Neeraj N. Patel, Assistant United States Attorney, District of Connecticut (Mark T. Quinlivan, Assistant United States Attorney, District of Massachusetts, *on the brief*), *for* Loretta E. Lynch, United States Attorney General, and Carmen M. Ortiz, United States Attorney for the District of Massachusetts.

Appeal from the United States District Court for the District of Connecticut (Meyer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Samuel DiProto appeals from the May 19, 2015 judgment entered in the United States District Court for the District of Connecticut (Meyer, *J.*). DiProto pleaded guilty to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The district court sentenced DiProto principally to 84 months' imprisonment and 120 months of supervised release. On appeal, DiProto argues that the 84-month sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A sentence is substantively unreasonable if the sentence "'shock[s] the conscience,' constitutes a 'manifest injustice,' or is otherwise substantively unreasonable." *United States v. Aldeen,* 792 F.3d 247, 255 (2d Cir. 2015) (alteration in original) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "Our review for substantive unreasonableness is 'particularly deferential.'" *Id.* (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)). "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Id.* (citations and internal quotation marks omitted).

DiProto's 84-month sentence, which is below the guidelines range of 97-121 months and toward the low end of the 5-20 year statutory range, is substantively reasonable. "While we do not presume that a Guidelines sentence is necessarily substantively reasonable, that conclusion is warranted in the overwhelming majority of cases, and thus especially when, as here, a defendant challenges a *below*-Guidelines sentence." *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (citations and internal quotation marks omitted). DiProto admitted to downloading child pornography for a period of about four to five years, and a forensic examination of his computer hard drives and thumb drives revealed more than 1,800 images and 1,500 videos of child pornography, including images and videos depicting prepubescent minors engaged in sexually explicit conduct and images and videos depicting sadistic and masochistic conduct. One of DiProto's devices also contained non-pornographic images of a young girl bound with rope and gagged in what appeared to be DiProto's bedroom. Under the circumstances, DiProto's 84-month sentence does not fall outside the range of permissible decisions.

Nor do we agree with DiProto's contention that the district court overlooked various mitigating factors. The sentencing transcript belies it. The district court expressly stated that it saw as a mitigating factor the fact that DiProto did not produce or distribute child pornography and that it was impressed by his immediate acceptance of responsibility. The fact that the district court imposed a below-guidelines sentence further suggests that the court took these mitigating factors into account in determining DiProto's sentence.

We have considered the remainder of DiProto's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk