16-3058-cr
*United States v. Nadeem Mehmood Quraishi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January two thousand eighteen.

PRESENT:   BARRINGTON  D. PARKER,
           RICHARD C. WESLEY,
           DENNY CHIN,
                        *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                        *Appellee,*

                v.                                      16-3058-cr

NADEEM MEHMOOD QURAISHI,
                        *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    Susan Corkery, Nomi D. Berenson, Assistant
                                 United States Attorneys, *for* Bridget M. Rohde,
                                 Acting United States Attorney for the Eastern
                                 District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:       Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, New Jersey.

Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Nadeem Mehmood Quraishi appeals a judgment of conviction entered August 18, 2016, following a jury trial, convicting him of abusive sexual contact in the special aircraft jurisdiction of the United States, in violation of 49 U.S.C. § 46506(1) and 18 U.S.C. § 2244(b), and assault in the special aircraft jurisdiction of the United States, in violation of 49 U.S.C. § 46506(1) and 18 U.S.C. § 113(a)(5).  On August 12, 2016, the district court sentenced Quraishi principally to 24 months' imprisonment.  On appeal, Quraishi challenges the substantive reasonableness of his sentence.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The record establishes that Quraishi sexually abused a victim, Jane Doe, when they -- as strangers who were not traveling together -- were passengers seated next to each other aboard an international flight arriving at John F. Kennedy International Airport, New York, on October 26, 2015.  Doe had taken medication and fallen asleep.  A few hours later, when she woke up, she discovered that hand lotion

2

had been spread on her arms, chest, and legs, including under her dress. The bottle of hand lotion that she had placed in the seat pocket in front of her before she went to sleep was missing. At that point, she went to the bathroom and noted that certain parts of her body were sore, her underwear had been shifted, and there was lotion on her body underneath her underwear.

Two flight attendants questioned Quraishi, who admitted to spreading the lotion over Doe's body. He explained that he believed that Doe "needed it" and "enjoyed it because she did not resist." PSR ¶ 6. When the plane landed Quraishi was arrested. During post-arrest statements, he admitted to inappropriately touching Doe while she was asleep.

On August 12, 2016, the district court sentenced Quraishi. As Quraishi violated 18 U.S.C. § 2244(b), the district court consulted the Sentencing Guidelines ("Guidelines") Manual § 2A3.4 to determine the base offense level. The district court concluded, pursuant to § 2A3.4(a)(2), that the appropriate level was 16 as the offense involved conduct described in 18 U.S.C. § 2242, which addresses engaging in a sexual act with another person who is "incapable of appraising the nature of the conduct" or "physically incapable of declining participation." 18 U.S.C. § 2242(2). There were no adjustments, and thus the total offense level was determined to be Level 16.[1] Level 16

---

[1]    Though Quraishi contested the district court's determination at sentencing, he now concedes that the district court's calculation of a base offense level of 16 was without fault.

carries 21 to 27 months' imprisonment, or as restricted by the statutory maximum in this case, 21 to 24 months' imprisonment.[2]  The district court heard from defense counsel, Quraishi's friend, Quraishi's wife, and read a written statement from the victim.  The district court then sentenced Quraishi to 24 months' imprisonment, the top of the guidelines range, as capped by the statutory maximum.  Quraishi timely appealed, challenging the substantive reasonableness of his sentence.

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions."  *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).  Accordingly, we will set aside sentencing decisions for substantive reasonableness only in "exceptional cases," *id.* at 189, that is when the sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice," *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015) (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)) (citations and internal quotation marks omitted).

The district court imposed a sentence of 24 months' imprisonment, primarily citing the seriousness of the crime and Quraishi's lack of sincere remorse.  This sentence was not substantively unreasonable.  Indeed, given the egregious nature

---

[2]     There is no Guidelines range for Count 2 as it is a Class B misdemeanor.

of Quraishi's conduct, the district court's sentence of 24 months' imprisonment gives us no pause whatsoever.

Quraishi, in claiming his sentence was substantively unreasonable, argues that the district court allocated insufficient weight to certain mitigating considerations, such as his lack of criminal history, his family support, and his proffered psychological struggles, factors he claims makes his conduct an aberration. But the district court properly weighed these considerations and committed no error in its evaluation of the § 3553(a) factors. *See* 18 U.S.C. § 3553(a). As the district court observed in imposing the 24-month, statutory maximum sentence, "there's a question about whether it is sufficient, but it is certainly not greater than necessary to comply with the purposes set forth in" § 3553(a). App. 36. We agree with that assessment.

Accordingly, the district court's sentence was not substantively unreasonable.

\* \* \*

We have considered all of Quraishi's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5