17-859-cr
*United States v. Reid*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
                    RAYMOND J. LOHIER, JR.,
                                *Circuit Judges*,
                    RICHARD M. BERMAN,
                                *District Judge.*[*]

UNITED STATES OF AMERICA,

                    *Appellee*,                                        17-859-cr

                    v.

JACK REID,

                    *Defendant-Appellant*,

---

[*] Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

1

ELLIOT WALKER,

*Defendant.*†

FOR APPELLEE:                                    MONICA J. RICHARDS, Assistant United
                                                 States Attorney, *for* James P. Kennedy, Jr.,
                                                 Acting United States Attorney for the
                                                 Western District of New York, Buffalo,
                                                 NY.

FOR DEFENDANT-APPELLANT:                          PATRICK J. BROWN, Losi & Gangi,
                                                 Buffalo, NY.

Appeal from a March 27, 2017 judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment of March 27, 2017 be **AFFIRMED**.

Defendant-Appellant Jack Reid ("Reid") appeals the District Court's judgment convicting him of one count of conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and one count of distribution of and possession of with the intent to distribute cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and sentencing him principally to three hundred months' imprisonment on each count, the terms to run concurrently, and to forfeiture of his interest in two tracts of real property and one million dollars in currency. We assume the parties' familiarity with the underlying facts and the procedural history of the case. We address in turn below each of the issues Reid raises on appeal.

### 1. Omission of Multiple-Conspiracies Instruction

Reid argues that the District Court erred by failing to give a multiple-conspiracies instruction to the jury either as part of its initial instructions or as a supplemental instruction given during the jury's deliberations. According to Reid, a multiple-conspiracies instruction was required because "the

---

† The Clerk of Court is directed to amend the caption to read as shown above.

trial proof demonstrated the existence of two separate and distinct conspiracies" rather than the single conspiracy charged in the Superseding Indictment. Br. & Special App. Def.-Appellant 17.

A conviction will not be reversed for omission of a multiple-conspiracies jury instruction unless "there was evidence of separate networks operating independently of each other and that [the defendant] suffered substantial prejudice resulting from the failure to give the requested charge. . . . A showing of substantial prejudice requires the defendant to prove that the evidence in support of the conspiracy or conspiracies in which he did not participate prejudiced the case against him with respect to the conspiracy to which he was a party." *United States v. Cusimano*, 123 F.3d 83, 89 (2d Cir. 1997) (internal quotation marks omitted).

We conclude that, whichever standard of review we apply, even if Reid were entitled to a multiple-conspiracies instruction, his conviction could not be reversed on this ground because he cannot prove that he has suffered substantial prejudice. A defendant who is indicted and tried alone, as Reid was, cannot suffer substantial prejudice from a district court's failure to issue a multiple-conspiracies instruction, even if conduct charged as a single conspiracy in the indictment in fact constituted two separate conspiracies in which the defendant was involved. *See United States v. Sir Kue Chin*, 534 F.2d 1032, 1035 (2d Cir. 1976) ("Even if two conspiracies had been proved, both conspiracies could properly have been joined in the same indictment, since there was only one defendant. . . . Defendant thus could in no event have been prejudiced by the failure of the indictment to charge two conspiracies rather than one.").

## 2. Procedural Reasonableness of Reid's Sentence

Reid argues that his sentence is procedurally unreasonable because the District Court miscalculated the applicable United States Sentencing Guidelines ("Guidelines") range. According to Reid, the District Court miscalculated the applicable Guidelines range because its findings of (a) the quantity of drugs involved in his offenses and (b) the role that Reid played in the offenses were clearly erroneous.

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (emphasis omitted) (internal quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007) (internal quotation marks omitted).

We conclude that the findings of fact that Reid calls into question are not clearly erroneous and that the District Court did not miscalculate the applicable Guidelines range based on the facts

that it found. The District Court found that sixty-six kilograms of cocaine had been involved in Reid's offenses. It also found that Reid had been "an organizer or leader of a criminal activity that involved five or more participants" within the meaning of *Guidelines Manual* § 3B1.1(a) (U.S. Sentencing Comm'n 2016). These findings have too much support in the record to leave us with the definite and firm conviction that the District Court made a mistake. *See, e.g.*, J.A. 171, 386–87, 396, 420 (drug quantities); *id.* at 156–62, 166–80 (evidence of coconspirator Walker's participation and Reid's leadership); *id.* at 367–74 (evidence of participation of bus driver Wilson and bus rider Sherman and of Reid's leadership); *id.* at 382–97 (evidence of witness Douglas's participation); *id.* at 403–04 (evidence of Reid's father's participation). Given these findings, the District Court correctly applied the base-offense-level provision of section 2D1.1(c)(3) and the role-enhancement provision of section 3B1.1(a) of the Guidelines.

### 3. Forfeiture

Reid last argues that the District Court's forfeiture order is defective (a) because his interests in the two properties forfeited—one at 58 The Commons, Williamsville, New York, the other at 23 Sunrise Boulevard, Amherst, New York—are not subject to forfeiture under 21 U.S.C. § 853(a) and (b) because the forfeiture order as a whole—which extinguished Reid's interests in 58 The Commons, 23 Sunrise Boulevard, and one million dollars in currency—violates the Excessive Fines Clause of the Eighth Amendment.

We review the legal basis of a forfeiture *de novo*; we review the factual basis for clear error. *United States v. Castello*, 611 F.3d 116, 119 (2d Cir. 2010).

### (a) 21 U.S.C. § 853(a)

Section 853(a) of Title 21, United States Code provides in part that any person convicted, as Reid was, of a controlled-substance offense punishable by imprisonment of more than a year "shall forfeit to the United States . . . (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . . ."

We have not issued a precedential opinion construing 21 U.S.C. § 853(a) in detail. Reid analogizes section 853(a) to the separate civil forfeiture provisions of 21 U.S.C. § 881. We have held that property is subject to forfeiture under section 881 "only if [it has] some substantial connection to, or [is] instrumental in, the commission of the underlying criminal activity which the statute seeks to prevent." *Onwubiko v. United States*, 969 F.2d 1392, 1399–1400 (2d Cir. 1992) (emphasis omitted), *abrogated on other grounds by FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994), *as recognized in Polanco v. U.S. DEA*, 158 F.3d 647, 651 (2d Cir. 1998). Reid understands section 853(a) to require the same "substantial connection." The government argued in its brief on appeal, relying on *United States v.*

*Schlesinger*, 396 F. Supp. 2d 267 (E.D.N.Y. 2005), that property is subject to forfeiture under section 853(a) if the property has "facilitated" the crime; "facilitation" means that "the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance." *Id.* at 272.

It is not necessary to determine which if either of these constructions is correct, however, because the evidence of Reid's use of both 58 The Commons and 23 Sunrise Boulevard to further his criminal activity is overwhelming and not clearly erroneous. *See, e.g.*, J.A. 84, l. 8; *id.* at 94, l. 11; *id.* at 101, l. 25; *id.* at 297, l. 12; *id.* at 303, l. 7; *id.* at 311, ll. 9–10; *id.* at 315, l. 22; *id.* at 325, l. 14; *id.* at 335, ll. 23–25. We therefore conclude that the District Court did not err in applying section 853(a).

### (b) Excessive Fines Clause

"[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). We consider the following factors, among others, to determine whether a forfeiture is grossly disproportional: (i) "the essence of the crime of the defendant and its relation to other criminal activity"; (ii) "whether the defendant fit[s] into the class of persons for whom the statute was principally designed"; (iii) "the maximum sentence and fine that could have been imposed"; and (iv) "the nature of the harm caused by the defendant's conduct." *Castello*, 611 F.3d at 120 (internal quotation marks omitted).

After review of the entire record, we conclude that the forfeiture in this case does not violate the Excessive Fines Clause for substantially the same reasons as those indicated by the District Court in its Decision and Order at 6–7, *United States v. Reid*, No. 12-CR-200-RJA (W.D.N.Y. Mar. 21, 2017), ECF No. 238.

## CONCLUSION

We have reviewed all of the arguments raised by Reid on appeal and find them to be without merit. We therefore **AFFIRM** the March 27, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5