16-4216-cr
*United States v. Young*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# AMENDED SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
                    GERARD E. LYNCH,
                    SUSAN L. CARNEY,
                                 *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                      *Appellee,*                                16-4216-cr

                      v.

LIDDON YOUNG,

                      *Defendant-Appellant.*

_____

FOR APPELLEE:                              Monica J. Richards, Assistant United
                                                      States Attorney, *for* James P. Kennedy, Jr.,
                                                      United States Attorney, United States
                                                      Attorney's Office for the Western District
                                                      of New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT:      David C. Pilato, LaDuca Law Firm, LLP,
                                                      Rochester, NY.

Appeal from a December 12, 2016 amended judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Chief Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the District Court be, and it hereby is, **AFFIRMED**.

Defendant-Appellant Liddon Young appeals the District Court's amended judgment convicting him of one count of conspiracy to engage in the business of dealing firearms without a license and, in the course of such business, to transport firearms in interstate commerce in violation of 18 U.S.C. § 371; one count of unlawful dealing of firearms in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D); and one count of selling firearms to a person knowing or having reasonable cause to believe that such person is a felon in violation of 18 U.S.C. §§ 922(d)(1), 924(a)(2). Young also appeals the District Court's sentence, which consists principally of terms of sixty months' imprisonment each on the first and second counts and eighty months' imprisonment on the third count, the sixty-month terms to run concurrently and the eighty-month term to run consecutively to the sixty-month terms.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. **Procedural Reasonableness**

Young argues that his sentence is procedurally unreasonable because the District Court improperly applied the two-level obstruction-of-justice enhancement of United States Sentencing Guidelines section 3C1.1 and because the District Court based the sentence in part on a clearly erroneous finding of fact.

"We review a sentence for procedural . . . reasonableness under a deferential abuse-of-discretion standard. . . . A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (emphasis and internal quotation marks omitted).

Young argues in essence that the District Court should not have applied the enhancement of Sentencing Guidelines section 3C1.1 because a statement that Young made to his probation officer that he did not know or have reason to believe that the weapons he was selling would be used to commit a felony, was not materially false and because the District Court did not find specifically that Young had intended to obstruct justice.

Section 3C1.1 of the Sentencing Guidelines provides in relevant part for a two-level enhancement "[i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . sentencing of the instant offense of

2

conviction, and (2) the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1 (U.S. Sentencing Comm'n 2016). To apply this enhancement on the basis of a defendant's false statements, a district court must find both that "the defendant had the specific intent to obstruct justice, i.e., that the defendant consciously acted with the purpose of obstructing justice," and that the defendant's statements were materially false. *United States v. Young*, 811 F.3d 592, 604 (2d Cir. 2016). A material statement is one that "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. n. 6.

We conclude that the District Court's application of the obstruction-of-justice enhancement was not procedurally unreasonable.

One of Young's statements to the probation officer preparing his presentence report—which Young repeated under oath during an evidentiary hearing before the District Court—was that he had not trafficked in firearms before he began dealing with a certain Paul Davis. The District Court found that Young's statement was false, *see* J.A. 443–44, and we conclude that this finding is not clearly erroneous. We also conclude that this statement was material, since it bore directly on one of the issues that the District Court needed to determine: whether the four-level enhancement for having "engaged in the trafficking of firearms" applied to Young. U.S.S.G. § 2K2.1(b)(5). We therefore need not consider whether the statement Young mentions in his brief was material.

Moreover, the District Court did find during the resentencing hearing, albeit after it had calculated Young's Sentencing Guidelines range, that Young had specifically intended to obstruct justice. *See* J.A. 454–55 ("[T]he defendant made those statements in order to [a]ffect the ultimate sentence and the calculation of the guidelines in this matter."). We conclude that this finding was sufficient.

Young argues separately that his sentence is procedurally unreasonable because the District Court based its sentencing decision in part on a statement, which Young criticizes as clearly erroneous, that the weapons Young had sold had resulted in injury or death. This argument is meritless because the remark to which Young refers in his brief is not a finding of fact at all; it is a general observation about the danger of guns. *See* J.A. 449 ("We do know those weapons . . . obviously result in injuries and/or death to individuals and that's a matter that cannot be understated.").

### 2. Substantive Reasonableness

Young argues that his sentence is substantively unreasonable because it is "shockingly high and greater than necessary to comply with the purposes of sentencing." Br. Appellant 22.

"We review a sentence for . . . substantive reasonableness under a deferential abuse-of-discretion standard." *Aldeen*, 792 F.3d at 251 (internal quotation marks omitted). A sentence is

substantively unreasonable only if "the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). In other words, the sentence must be "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Aldeen*, 792 F.3d at 255 (internal quotation marks omitted).

After review of the entire record, we conclude that Young's sentence is not outside "the range of permissible decisions" and is therefore not substantively unreasonable. *Cavera*, 550 F.3d at 189.

### 3. Pro Se Supplemental Brief

This Court permitted Young to file a pro se supplemental brief in this appeal. In that brief, Young argues among other things that 18 U.S.C. §§ 921(a)(21)(C) and 922(d)(1) are unconstitutionally vague. Outside of the First Amendment context, a vagueness challenge is assessed "only as applied, i.e., in light of the specific facts of the case at hand and not with regard to the statute's facial validity." *United States v. Rybicki*, 354 F.3d 124, 129 (2d Cir. 2003) (en banc) (internal quotation marks omitted). These issues were not raised below, so they are reviewed only for plain error. *United States v. Feliciano*, 223 F.3d 102, 115 (2d Cir. 2000). Young cites no authority supporting his contention that either of the provisions he challenges is vague as applied to him. The District Court therefore could not have made an error that was "clear under current law" by failing to overturn *sua sponte* Young's guilty plea with regard to those statutes. *See United States v. Bayless*, 201 F.3d 116, 128 (2d Cir. 2000).

### CONCLUSION

We have reviewed all of the remaining arguments raised by Young on appeal and find them to be without merit. We therefore **AFFIRM** the December 12, 2016 amended judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4