15-567-cr
United States v. Richards

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of May two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

             v.                                                          15-567-cr

RONALD J. RICHARDS,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     James F. Greenwald, Assistant Federal Public Defender (James P. Egan, *on the brief*), *for* Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Syracuse, NY.

Appearing for Appellee:      Rajit S. Dosanjh, Assistant United States Attorney (Lisa M. Fletcher, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Ronald Richards appeals from the February 18, 2015 judgment of conviction entered against him in the United States District Court for the Northern District of New York (Hurd, *J.*). The district court sentenced Richards principally to 360 months' imprisonment. On appeal, Richards argues that his sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a sentence for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A sentence is *procedurally* unreasonable if the district court 'fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence.'" *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (quoting *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013)). "Once we have determined that the sentence is procedurally sound, we then review the substantive reasonableness of the sentence . . . ." *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010).

Richards argues that the district court procedurally erred in applying a five-level sentencing enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor." *See* U.S. Sentencing Guidelines Manual § 2G2.2(b)(5). Because Richards raises this issue for the first time on appeal, we review for plain error. *United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012). Under the plain-error standard, we have the discretion to correct an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings if there is "(1) [an] 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467 (1997) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Section 2G2.2 of the Guidelines directs the district court to increase the offense level by five levels "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S. Sentencing Guidelines Manual § 2G2.2(b)(5). An application note to Section 2G2.2 defines "pattern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances of the sexual abuse or exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." *Id.* § 2G2.2 cmt. n.1. The same application note defines "sexual abuse or exploitation" as any one of the following:

> (A) conduct described in 18 U.S.C. § 2241, § 2242, § 2243, § 2251(a)–(c), § 2251(d)(1)(B), § 2251A, § 2260(b), § 2421, § 2422, or § 2423; (B) an offense under state law, that would have been an offense under any such section if the offense had occurred within the special maritime or territorial jurisdiction of the United States; or (C) an attempt or conspiracy to commit any of the offenses under subdivisions (A) or (B).

2

*Id.* "Sexual abuse or exploitation" does not, however, include "possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor." *Id.*

Section 2251(a) subjects to punishment "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct." 18 U.S.C. § 2251(a). The terms "persuade," "induce," and "entice" are "words of common usage that have plain and ordinary meanings," and convey the idea of "lead[ing] or mov[ing]" another "by persuasion or influence, as to some action, state of mind, etc." or "bring[ing] about, produc[ing], or caus[ing]." *United States v. Broxmeyer*, 616 F.3d 120, 125 (2d Cir. 2010) (some alterations in original) (internal quotation marks omitted).

Here, the district court did not plainly err in concluding that Richards engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. The presentence report indicated that Richards traded explicit nude photographs with a minor and distributed her photographs to other men via the internet. He purchased a sex toy and a cell phone and mailed these items to the minor, who later sent pictures to Richards of herself using the sex toy. Richards and another minor also traded nude pictures of each other over the internet. In view of these facts, the district court did not plainly err in concluding that there were at least two separate instances where Richards "induce[d], entice[d], or coerce[d]" a minor to engage in sexually explicit conduct "for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a).

Richards also challenges the substantive reasonableness of his sentence. A sentence is substantively unreasonable if the sentence "'shock[s] the conscience,' constitutes a 'manifest injustice,' or is otherwise substantively unreasonable." *Aldeen*, 792 F.3d at 255 (alteration in original) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "Our review for substantive unreasonableness is 'particularly deferential.'" *Id.* (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)). "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Id.* (citations and internal quotation marks omitted).

Richards's 360-month sentence, which is within the Guidelines range, is substantively reasonable. "While we do not presume that a Guidelines sentence is necessarily substantively reasonable, that conclusion is warranted in the overwhelming majority of cases . . . ." *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (internal quotation marks omitted). The presentence report indicated that Richards engaged in a series of e-mail communications with a man who told Richards that he was sexually abusing his daughter. The man sent Richards image and video files depicting this abuse, which took place over the course of several years. Richards distributed some of these files to others over the internet. Richards also exchanged multiple e-mails with another man, who sent Richards child pornography that included nude images of the man's daughter. These facts support the district court's conclusion that Richards "knew children were being actively sexually abused," "knew their abusers," "knowingly received evidence of the abuse in the form of image and video files," and "traded child pornography with the men who

3

were creating it," thus "fuel[ing] the production of even more images of the young victims." App'x at 80. Additionally, as noted, Richards traded nude photographs directly with two minors over the internet. Finally, a forensic examination of Richards's computers and thumb drives revealed more than 3,700 images and 40 videos of child pornography, including images and videos depicting sadistic and masochistic conduct and depictions of sexually explicit conduct involving children as young as one and three years old. Under the circumstances, the sentence does not fall outside the range of permissible decisions.

We have considered the remainder of Richards's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4