15-2211-cr
United States v. Otero

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of August, two thousand sixteen.

Present:    ROSEMARY S. POOLER,
            GERARD E. LYNCH,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                          15-2211-cr

LUIS CORREA, AKA Lu-Nice, XAVIER CORREA,
AKA X, FELIX RODRIGUEZ, AKA Chili,
DAVID MARTE, AKA D-Block, JONATHAN READ,
GREGORY MELLA, AKA Little G, JUNIOR ROSARIO,
AKA Junito, AKA Black, EDWIN MELO, AKA E-Wavey,
ANTHONY DIXON, AKA Ant, ENRIQUE RIVERA,
AKA Kikito, GREGORY GONZALEZ, AKA Big Greg,
JASON MARIM, LUIS PAULINO, RAYMOND CONCEPCION,
AKA Kimbo, RIKELBY MELLA, AKA Fat Boy,
ROBERT ESPINAL, AKA Little Rob, STEVEN LEWIS,
ETHAN TALAVERA, AKA E-Money, DANNY REYES,
AKA Twins, ALVIN RODRIGUEZ, HECTOR MELENDEZ,
AKA Bori, DONNELL SANDERS, JOSHUA RODRIGUEZ,
AKA Chucky, MIGUEL COLON, AKA Radio,
OMAR DELVILLAR, AKA Little O, JASON MOJICA,

AKA Little J, DELMOUR BROWN, RICCARDO BUCKERIDGE,
AKA Buck, SAIKOU DIALLO, AKA Jalo, RICHARD VASQUEZ,
AKA Biggie,

*Defendants*,

JONATHAN OTERO,

*Defendant-Appellant*.

_____

Appearing for Appellant:    David K. Bertan, Bronx, New York.

Appearing for Appellee:    Karin S. Portlock, Assistant United States Attorney (Jessica Ortiz, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jonathan Otero appeals from a judgment of conviction entered on July 8, 2015 in the United States District Court for the Southern District of New York (Kaplan, *J.*). A jury convicted Otero of one count of using a firearm during and in relation to a narcotics conspiracy, which caused the death of a person, in violation of 18 U.S.C. § 924(j) and 2. The district court sentenced Otero principally to life imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I. Sufficiency of the Evidence

Otero first argues that the evidence was insufficient to support his conviction. We review challenges to the sufficiency of the evidence de novo. *United States v. Pierce*, 785 F.3d 832, 837 (2d Cir.), *cert. denied,* 136 S. Ct. 172 (2015). In considering a sufficiency challenge, "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Id.* at 838 (internal quotation marks omitted). "We will sustain the jury's verdict if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

At trial, Jose Marmolejos testified that he personally observed Otero shoot and kill Jovan Carroll on January 13, 2011. Marmolejos's testimony was corroborated by that of Heriberto Martinez and Xavier Correa. Correa also testified that Otero sold crack cocaine for Correa for an eight-month period from 2010 to 2011 and that he ordered the shooting that led to Jovan Carroll's death to retaliate against a rival gang. From this evidence, a jury could have concluded

beyond a reasonable doubt that Otero murdered Carroll at Correa's direction during and in relation to a narcotics conspiracy.

## II. Ineffective Assistance of Counsel

Otero next argues that his trial counsel was constitutionally ineffective in failing to cross-examine a police detective about a statement that the surviving victim of the shooting, Darrin Billings, had made indicating that he believed that someone other than Otero was the shooter.

> When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us.

*United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). "[O]ur usual practice is not to consider the claim on the direct appeal, but to leave it to the defendant to raise the claims on a petition for habeas corpus under 28 U.S.C. § 2255." *United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006); *see also Morris*, 350 F.3d at 39 (noting our "baseline aversion" to resolving claims of ineffective assistance of counsel on direct review). This is because

> collateral review typically provides a far better opportunity for an evaluation of an ineffective-assistance claim than direct review, because a factual record focused on the defendant's claim can be developed in the district court, including by taking testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance.

*Oladimeji*, 463 F.3d at 154 (alterations and internal quotation marks omitted).

The record before us does not contain the information necessary to resolve Otero's ineffective assistance of counsel claim. Accordingly, we decline to consider the claim at this time. Otero may pursue the claim in a Section 2255 petition. *See Morris*, 350 F.3d at 39.

## III. Continuance

Shortly before trial, the government produced to defense counsel notes suggesting that Billings had told three men that he believed that someone other than Otero was the shooter. Otero moved for a continuance to provide his counsel with additional time to further investigate this new evidence. The district court denied the motion, reasoning that the disclosures were not likely to lead to admissible evidence and that they were substantively cumulative of prior disclosures that the government had made over a year before trial. Otero now argues that the district court erred in denying the continuance motion.

"The decision whether to grant a continuance is a matter traditionally within the discretion of the trial judge." *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011) (internal quotation marks omitted). "We review an order denying a continuance for abuse of discretion, and we will find no such abuse unless the denial was an arbitrary action that

3

substantially impaired the defense." *Id.* (internal quotation marks omitted). "The burden of showing such an impairment is on the party complaining of the lack of a sufficient continuance." *Id.*

The district court did not abuse its discretion in denying Otero's motion for a continuance. The court appropriately recognized that further investigation was unlikely to lead to admissible evidence favorable to the defense and that the government had first disclosed that Billings had identified someone other than Otero as the shooter over a year before trial. Under the circumstances, the district court reasonably concluded that the new disclosures did not justify delaying the trial. Otero has therefore failed to meet his burden of showing that the district court's decision was "an arbitrary action that substantially impaired the defense." *Id.* (internal quotation marks omitted).

## IV. Substantive Reasonableness

Finally, Otero challenges the substantive reasonableness of his life sentence. A sentence is substantively unreasonable if the sentence "'shock[s] the conscience,' constitutes a 'manifest injustice,' or is otherwise substantively unreasonable." *United States v. Aldeen,* 792 F.3d 247, 255 (2d Cir. 2015) (alteration in original) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). "Our review for substantive unreasonableness is 'particularly deferential.'" *Id.* (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)). "We will set aside sentences as substantively unreasonable only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *Id.* (citation and internal quotation marks omitted).

The sentencing transcript makes clear that the district court did not impose a sentence of life imprisonment lightly. *See* App'x at 1193 ("Contemplating the imposition of a sentence of life in prison, especially with respect to someone who is young, who has decades ahead of him, is awful. . . . The idea that someone who's 24 years old may be locked up in a box for 50 years, it's horrifying, to tell you the truth."). But the court ultimately concluded that Otero's "coldblooded, premeditated murder" warranted a life sentence. App'x at 1193. Given the seriousness of the offense, we cannot conclude that the sentence was substantively unreasonable.

\* \* \*

We have considered the remainder of Otero's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4