United States v. Diaz

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
        ROBERT D. SACK,
        SUSAN L. CARNEY,
                Circuit Judges,

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                      15-3417

FREDDIE DIAZ,
        Defendant-Appellant,

FRANCISCO GOMEZ,
        Defendant.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        MARSHA R. TAUBENHAUS, New York, New York.

**FOR APPELLEE:**                    NEGAR TEKEEI and MARGARET
                                     GARNETT, <u>for</u> Preet Bharara,
                                     United States Attorney for the
                                     Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Freddie Diaz appeals from the judgment of the United States District Court for the Southern District of New York (Buchwald, <u>J.</u>) imposing a prison sentence of 72 months, following a plea.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.  We affirm because the substantially below Guidelines sentence was procedurally and substantively reasonable.

Diaz pleaded guilty to one count of conspiracy to distribute at least 500 grams of cocaine.  Because he was a career offender, his Sentencing Guidelines range was 188 to 235 months imprisonment and he faced a mandatory minimum of 60 months.  The district court sentenced him below Guidelines to 72 months.

We review sentences under an abuse of discretion standard for both procedural error and substantive

2

unreasonableness.  United States v. Bennett, 839 F.3d 153, 159 (2d Cir. 2016).  Diaz argues that the district court procedurally erred by failing to consider three factors: 1) the conditions of his pretrial confinement; 2) his psychological history; and 3) evidence that his prior crimes involved poor impulse control.  He also argues that his sentence was substantively unreasonable when compared to his codefendant's sentence.

Diaz's procedural challenges fail.  Diaz's sentencing submission and the Presentence Report both reviewed his conditions of confinement and psychological history, and the district court repeatedly addressed the Presentence Report at sentencing.  As we have explained, "[a] sentencing court does not have to parse every sentencing factor . . . or address each of the defendant's arguments regarding various factors, for a sentence to be procedurally reasonable."  United States v. Pattee, 820 F.3d 496, 512 (2d Cir. 2016).  Moreover, at sentencing, the district court explicitly considered both his psychological history and his youth at the time he committed the crimes.  The below-Guidelines sentence strongly suggests that these mitigating factors were taken into account.  There was no abuse of discretion.

Diaz's substantive challenge is that his sentence of 72 months was disproportionate to his codefendant's sentence

3

(48 months).  We will vacate sentences as substantively unreasonable only if they are "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice."  United States v. Aldeen, 792 F.3d 247, 255 (2d Cir. 2015) (internal quotation marks omitted).  The disparity between the sentences does not shock the conscience (especially given Diaz's codefendant's "safety valve" eligibility under Sentencing Guidelines §§ 2D1.1(b)(17) and 5C1.2), and it was therefore substantively reasonable.  Id.

    For the foregoing reasons, and finding no merit in Diaz's other arguments, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK