14-4738
*United States v. Kats (Marmilev)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand seventeen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
> *Appellee*,

> > v.                                                    No. 14-4738

MARK MARMILEV, AKA Marko, AKA Mark Halls,
> *Defendant-Appellant*,

VLADIMIR KATS, AKA Sealed Defendant 1, AKA Ragnar, LIBERTY RESERVE S.A., ARTHUR BUDOVSKY, AKA Arthur Belanchuk, AKA Eric Paltz, AHMED YASSINE ABDELGHANI, AKA Alex, AZZEDDINE EL AMINE, ALLAN ESTEBAN HIDALGO JIMENEZ, AKA Allan Esteban Hidalgo, MAXIM CHUKHAREV,
> *Defendants*.

_____

FOR DEFENDANT-APPELLANT:                Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, NY.

FOR APPELLEE:                                          Christine Magdo, Assistant United States
                                                       Attorney, *for* Preet Bharara, United States
                                                       Attorney for the Southern District of New
                                                       York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 12, 2014 judgment of the District Court is **VACATED IN PART** (only as to the $250,000 fine) and the case is **REMANDED** for further proceedings consistent with this order.

Criminal defendant Mark Marmilev pleaded guilty to count two of an indictment that charged him with, among other crimes, conspiring to operate an unlicensed money transmitting business (as defined by 18 U.S.C. § 1960), in violation of 18 U.S.C. § 371. The District Court then sentenced him to 60 months' imprisonment, three years' supervised release, and a fine of $250,000. Marmilev argues on appeal that the District Court erred in imposing a fine above the Sentencing Guidelines range of $17,500-$175,000 without (1) giving him advance notice of the court's contemplation of an above-Guidelines fine; (2) affording him an opportunity to present evidence regarding his ability to pay the fine; (3) making findings as to his ability to pay; and (4) giving any explanation of its deviation from the Guidelines range. He asks that we vacate the portion of the judgment that imposes the $250,000 fine, remand the case for reconsideration of the fine, and instruct the District Court to take evidence and make findings regarding his ability to pay the fine. He further asks us to instruct the District Court that, if it again imposes an above-Guidelines fine, it should state its reasons for doing so. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

The government concedes that the District Court failed to state its reasons for imposing an above-Guidelines fine, and consents to vacating the fine and remanding to enable the District Court to complete the record by stating its reasons. *See United States v.*

2

*Aldeen*, 792 F.3d 247, 251-55 (2d Cir. 2015); 18 U.S.C. § 3553(c). However, the government opposes Marmilev's effort to reopen inquiry into his ability to pay a fine because the government contends Marmilev had the opportunity to proffer evidence of inability to pay and decided not to do so. Given the unusual circumstances of this case, we reject the government's argument.

Because Marmilev did not raise this issue before the District Court, our review is for plain error, *Aldeen*, 792 F.3d at 253, that is: "error that (1) was plain, (2) affected substantial rights, and (3) seriously affected the fairness, integrity or public reputation of the judicial proceedings," *United States v. Banks*, 464 F.3d 184, 189 (2d Cir. 2006) (internal quotation marks and brackets omitted).

In deciding whether to impose a fine and in what amount, a district court is required to consider "the defendant's income, earning capacity, and financial resources." 18 U.S.C. § 3572(a). Under the Sentencing Guidelines, a sentencing court shall impose a fine "except where the defendant establishes that he is unable to pay and is not likely to become able to pay." U.S.S.G. § 5E1.2(a). A defendant is entitled to an opportunity to be heard regarding his ability to pay a fine. *United States v. Elfgeeh*, 515 F.3d 100, 136 (2d Cir. 2008) (citing *United States v. Marquez*, 941 F.2d 60, 65-66 (2d Cir. 1991)).

Given the sequence of events, we conclude that, as a practical matter, the defendant had no reasonable opportunity to contest his ability to pay a fine. The presentence report (PSR) recommended against imposition of any fine, stating explicitly that its recommendation was based on Marmilev's inability to pay. The government's sentencing submission then made no suggestion that a fine be imposed, apparently accepting the probation department's finding of inability to pay. And the court made no suggestion prior to the actual imposition of sentence that it either doubted the fact of Marmilev's inability to pay as asserted in the PSR or was contemplating imposing a fine. The court then imposed a very substantial fine, far above the Guidelines range, without any information contradicting the PSR's conclusion that Marmilev was unable to pay a fine.

It is true that under ordinary circumstances the court is not obligated to warn a defendant that it might impose a fine, and a defendant who claims inability to pay must take

3

the initiative to communicate that information to the court. In this case, however, where the defendant had made his case of inability to pay to the probation department, the probation department had accepted his showing and had recommended in the PSR against imposing a fine on that basis, and both the government and the court appeared to accept the PSR's conclusion on that issue, we believe the defendant could reasonably rely on the expectation that he would not be fined (much less fined above the Guidelines range). He had no reason to burden the court by demanding an evidentiary hearing on a matter that reasonably appeared to be settled. He thus had no reasonable opportunity, as a practical matter, to present evidence of his inability to pay to the court. We have previously found plain error in similar circumstances, and do so here. *See Elfgeeh*, 515 F.3d at 136-37 (finding plain error where the district court imposed a substantial, above-Guidelines fine—despite the PSR's conclusion that the defendant was unable to pay a fine—without affording the defendant an opportunity to present evidence, and without making any findings, on ability to pay); *see also United States v. Corace*, 146 F.3d 51, 57 (2d Cir. 1998) ("[T]he circumstances of this case bearing on inability to pay[, including the PSR's conclusion that defendant was unable to pay a fine,] were sufficient to oblige the Court, before imposing a fine, to indicate the basis for the Court's implicit conclusion that the defendant could realistically be expected to pay a fine . . . . In the absence of such explication, the case must be remanded for reconsideration of the fine.").

We accordingly vacate only that part of the sentence pertaining to the fine, leaving the other aspects of the sentence intact. The matter is remanded to the District Court to reconsider whether to impose a fine, and if so, in what amount, and to explain the reasons for its decision in accordance with its obligations under 18 U.S.C. § 3553(c). The defendant shall be permitted to make a showing of inability to pay, and the court should make appropriate findings on that question.

***

4

We therefore **VACATE IN PART** the judgment of the District Court (only as to the $250,000 fine) and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court