16-1158-cr
United States of America v. Jhon Jairo Cruz-Trejos

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             SUSAN L. CARNEY,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                                  16-1158-cr

JHON JAIRO CRUZ-TREJOS,

                     *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Guy M. Oksenhendler, Forest Hills, NY.

Appearing for Appellee:      Emil J. Bove, III, Micah W.J. Smith, Assistant United States
                             Attorneys, *for* Joon H. Kim, Acting United States Attorney for the
                             Southern District of New York, New York, NY.

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Buchwald, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Jhon Jairo Cruz-Trejos appeals the April 11, 2016 judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*). The district court sentenced Cruz-Trejos to thirteen years of imprisonment, a five-year term of supervised release, and a $300 special assessment fee after he pled guilty to (1) conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 812, 952, 959, 960(b)(1)(B), 963; (2) distribution of five or more kilograms of cocaine in violation of 21 U.S.C. §§ 812, 959(a), 960(b)(1)(B) and 18 U.S.C. § 2; and (3) conspiracy to use and possess machine guns during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(o), 924(c)(1)(A)(i), 924(c)(1)(B)(ii), 3238. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"Our review of criminal sentences includes both procedural and substantive components and amounts to review for abuse of discretion." *United States v. McIntosh*, 753 F.3d 388, 393-94 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

Cruz-Trejos first challenges the procedural aspects of his sentence. "Procedural error occurs in situations where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the [Section] 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *McIntosh*, 753 F.3d at 394. Where a district court imposes a sentence outside the advisory Guidelines range, "[t]he sentencing court's statement of reasons must at least explain—in enough detail to allow a reviewing court, the defendant, his or her counsel, and members of the public to understand—why the considerations used as justifications for the sentence are sufficiently compelling or present to the degree necessary to support the sentence imposed." *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015) (internal quotation marks and brackets omitted). "A major departure should be supported by a more significant justification than a minor one." *Id.* (internal quotation marks and brackets omitted).

On appeal, Cruz-Trejos states that the district court "did everything correct procedurally" but argues that it failed to provide sufficient explanation for its thirty-six month departure from the Guidelines range. Appellant's Br. at 14. This argument is meritless. At sentencing, the district court explained that it had determined its sentence after considering the "seriousness of the offense," "deterrence," and the "personal characteristics of [Cruz-Trejos]." App'x at 84. Cruz-Trejos's crimes were indeed serious, as he engaged in a complicated scheme that involved trafficking cocaine to the United States and then using the drug proceeds to purchase assault weapons for use by the Fuerzas Armadas Revolucionarias de Colombia ("FARC") and the Ejército de Liberación Nacional ("ELN"), each of which has been designated as a foreign terrorist organization by the Department of State since October 1997. Defense counsel argued that Cruz-Trejos was not a sophisticated criminal, but the district court found that any "evidence

2

of a lack of sophistication" was "inconsistent with the amount of discussion about weaponry" as well as with "the numerous negotiations that [Cruz-Trejos] was involved in over several years." App'x at 83. The district court also rejected Cruz-Trejos's explanation that his criminal acts flowed from financial problems, given that Cruz-Trejos could simply have sold his cocaine for money instead of engaging in an international weapons-trading scheme. The district court thus determined that the manner in which Cruz-Trejos engaged in trafficking five kilograms of cocaine was more serious than a scheme involving only drugs and money. The district court committed no procedural error. It explained its departure from the Guidelines in sufficient detail to permit this Court, Cruz-Trejos, and the public to understand the factors that justified its sentence. *See Aldeen*, 792 F.3d at 252.

Cruz-Trejos also challenges the substantive reasonableness of his sentence. "We will set aside a district court's substantive determination as to an appropriate sentence only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *McIntosh*, 753 F.3d at 394 (internal quotation marks and emphasis omitted). "In sum, [substantive reasonableness review] provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Cruz-Trejos does not challenge the government's description of his scheme to traffic large amounts of cocaine to the United States and to purchase numerous automatic assault weapons for ELN and FARC. We hold that the district court's addition of three years to Cruz-Trejos's ten-year mandatory minimum sentence for cocaine trafficking to account for his efforts to acquire and sell one hundred automatic assault weapons to two known terrorist organizations does not damage the administration of justice. *Id*. Nor does it strike this Court as shockingly high. *Id*.

We have considered the remainder of Cruz-Trejos's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3