16-3072-cr
United States v. Morris

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand seventeen.

PRESENT: DENNIS JACOBS,
 JOSÉ A. CABRANES,
 RAYMOND J. LOHIER, JR.
 Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
 Appellee,

 -v.- 16-3072-cr

TYQUAN MORRIS,
 Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT: COLLEEN P. CASSIDY, Federal Defenders of New York, New York, NY.

FOR APPELLEES: JASON M. SWERGOLD (Karl Metzner on the brief), for Joon H. Kim,

1

Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Tyquan Morris pleaded guilty to being a felon in possession of ammunition in the United States District Court for the Southern District of New York. At sentencing, the parties stipulated that Morris's sentencing guidelines range was 57-71 months; the district court, however, sentenced Morris to ten years in prison, the statutory maximum. Morris does not challenge his conviction, but contends that his sentence was procedurally and substantively unreasonable. Our review of the reasonableness of a sentence is akin to abuse-of-discretion review.[1] <u>United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2008) (in banc). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Morris argues that the district court committed procedural error by failing to adequately explain why it imposed the maximum sentence. <u>See</u> <u>id.</u> at 190 ("A district court commits procedural error where it . . . . fails adequately to explain its chosen sentence[.]"). A district court "must at least explain--in enough detail to allow a reviewing court, the defendant, his or her counsel, and members of the public to understand--why the considerations used as justifications for the sentence are 'sufficiently compelling or present to the degree necessary to support the sentence imposed.'" <u>United States v. Sindima</u>, 488 F.3d 81, 86 (2d Cir. 2007) (internal citation and alteration omitted) (quoting <u>United States v. Rattoballi</u>, 452 F.3d 127, 137 (2d Cir. 2006), <u>abrogated in part on other grounds by Kimbrough</u>

---

[1] The government contends that we should review Morris's procedural unreasonableness argument for plain error because Morris did not preserve the issue in the district court. In any event, Morris's argument fails under the less demanding abuse-of-discretion standard.

v. United States, 552 U.S. 85 (2007)).  When, as here, the district court imposes a sentence substantially above the guidelines range, district courts should provide a correspondingly more robust justification of the sentence.  See United States v. Aldeen, 792 F.3d 247, 252 (2d Cir. 2015).

Morris argues that the district court's explanation was insufficient because it failed to consider mitigating factors, and instead relied almost exclusively on the fact that Morris fired a handgun on the sidewalk of a busy street.

The district court's explanation was sufficient.  True, the district court (appropriately) emphasized that shooting a gun on a populated street is highly dangerous, and observed that Morris chose to "re-engage with the most deadly kind of violence" in which "there could easily have been a death."  App'x at 74, 90.  But the district court made clear that its sentence was also based on Morris's risk of recidivism: his offense conduct occurred less than a year after he finished another sentence stemming from participation in a violent drug conspiracy.  The district court identified both of those considerations (the danger Morris posed to his community, and his likelihood of recidivism) as "predominant in [the district court's] mind," id. at 90, and recited that it had considered all of the relevant sentencing factors set out in 18 U.S.C. § 3553(a).

Contrary to Morris's suggestion, the district court did consider mitigating circumstances.  In particular, the district court underscored Morris's ability to find and maintain a job after prison, calling this "no small accomplishment[]."  Id.  Nonetheless, the district court made clear that it viewed Morris's firing of a gun and his risk of recidivism to be sufficiently serious to outweigh any mitigating factors and to justify an upward departure in Morris's sentence.  We conclude that the district court sufficiently explained its sentence.

**2.** Morris argues substantive unreasonableness.  "We will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'"  Cavera, 550 F.3d at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)).  A sentence may be substantively reasonable even though we

3

would have weighed the sentencing factors differently; with respect to any one sentencing factor, we consider only "whether a factor relied on by a sentencing court can bear the weight assigned to it."  Id. at 191.

The district court did not abuse discretion in sentencing Morris to the statutory maximum sentence.  Morris engaged in extraordinarily dangerous behavior.  He fired at least two shots down a populated street, while standing near a group of bystanders.  The shooting occurred within a year of Morris's completion of a sentence for another violent crime.  In light of Morris's dangerous behavior and his criminal history, we cannot say that the district court's decision to impose a ten-year sentence was outside "the range of permissible decisions."

Morris argues that a ten-year sentence cannot be justified in light of the absence of any injury caused by the shooting, his acceptance of responsibility and guilty plea, his demonstrated ability to hold down a legitimate job, the letters of support from his family and employer, and his troubled childhood.  But the district court concluded that those factors were outweighed by danger to the community and the likelihood of recidivism, and we cannot say that the district court placed undue emphasis on them.  Accordingly, we decline to overturn Morris's sentence on substantive reasonableness grounds.

For the foregoing reasons, and finding no merit in Morris's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4