17-1977-cr
United States v. Graham

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of May, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

          v.                                                    17-1977-cr

FRANKLIN GRAHAM, AKA CQ,

                 *Defendant-Appellant*.[1]

_____

Appearing for Appellant:     Jay S. Ovsiovitch, Federal Public Defender's Office, Western District of New York, Rochester, N.Y.

Appearing for Appellee:     Sean Eldridge, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Wolford, *J.*).

_____

[1] The Clerk of Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED,** and the case is **REMANDED** for the limited purpose of entering a written statement of reasons.

Appellant Franklin Graham appeals from the June 9, 2017 judgment of the United States District Court for the Western District of New York (Wolford, *J.*), sentencing Graham to a term of two years' imprisonment and two years of supervised release for a violation of his conditions of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Graham was released from prison in October 2015 and shortly thereafter proceeded to commit a number of violations of the terms of his supervised release. In April 2017, after two prior appearances before the district court in which the court modified the terms of his supervised release, a third amended petition was filed by the Probation Office alleging additional violations. On May 10, 2017, Graham pled guilty to one of the charged violations, specifically, committing a federal offense in violation of 21 U.S.C. § 844(a) on the basis of his possession of marijuana.

On June 6, 2017, the district court held a sentencing hearing regarding Graham's guilty plea to the supervised release violation. The district court calculated a Guidelines range of 12 to 18 months in prison, pursuant to the Chapter 7 policy statements published by the Sentencing Commission. U.S.S.G. § 7B1.4 (2015) (criminal history category IV, grade B violation). The district court imposed a sentence of two years' imprisonment and two years of supervised release. The district court did not issue a written statement of reasons with the judgment.

On appeal, Graham challenges the procedural and substantive reasonableness of his sentence. We typically review the reasonableness of sentences imposed by district courts under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The standard of review is the same whether the sentence is imposed for the underlying conviction or for a violation of supervised release. *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). Where, as here, a procedural error is not objected to below, however, we review only for plain error. *See United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015).

Graham argues the district court procedurally erred by failing to adequately explain its reasons for an above-Guidelines sentence and by failing to memorialize its reasons for the above-Guidelines sentence in writing.[2] The district court is statutorily obligated to "state in open court

---

[2] Graham additionally argues that the district court procedurally erred in utilizing the criminal history category IV adopted by the district court in his original sentencing, despite the district court's acceptance of a plea agreement in which the parties agreed the criminal history category would be III. This argument is without merit. Graham has not raised any colorable argument that the district court inaccurately calculated the criminal history category, nor has he raised any colorable argument that the plea waiver was defective in the underlying sentencing. Accordingly, we need not consider those unbriefed issues at this juncture. Additionally, we observe that the Notes to Chapter 7 of the Sentencing Guidelines explicitly instruct district courts to use the same criminal history category imposed in the original sentence when sentencing for violations of probation or supervised release. U.S.S.G. § 7B1.4 (comment 1) (2015) ("The criminal history

the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). When the sentence imposed is above the range provided by the Guidelines, the district court is additionally required to state "the specific reason for the imposition of a sentence different from [the Guidelines range], which reasons must also be stated with specificity in a statement of reasons form." *Id.* § 3553(c)(2). The statute applies the same procedural requirements to sentences imposed for violations of conditions of supervised release, *id.* § 3553(a)(4)(B), (c)(2), though we "require less rigorous specificity where, as here, a court sentences a defendant for violation of supervised release," *Aldeen*, 792 F.3d at 253. We have previously acknowledged that "sentencings in revocation proceedings are often conducted in a more informal manner than sentencings in the underlying criminal cases." *Aldeen*, 792 F.3d at 255.

The district court provided sufficient reasons for Graham's above-Guidelines sentence in open court. The district court articulated the recommended Guidelines sentence, and offered several reasons for the lengthier sentence. Notably, the district court highlighted the fact that Graham had committed many violations—several of which Graham admitted in court— since a generous recommendation from the probation office for a prior violation. The district court also considered his lengthy criminal history, including a history of non-compliance with probation requirements, as well as a failure to take responsibility for his actions. The district court did not procedurally err regarding the statement of reasons in open court.

The district court, however, failed to file the written statement of reasons explicitly required by statute. 18 U.S.C. § 3553(c); 28 U.S.C. § 994(w)(1)(B). Accordingly, we remand the case to the district court for the purpose of complying with these statutory requirements. *See United States v. Verkhoglyad*, 516 F.3d 122, 133-34 (2d Cir. 2008).

Graham also argues that the sentence imposed was substantively unreasonable. "As to substance, we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case. We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal citation and quotation marks omitted). In light of the rationale offered by the district court, the sentence imposed was substantively reasonable.

---

category to be used in determining the applicable range of imprisonment in the Revocation Table is the category determined at the time the defendant originally was sentenced to the term of supervision. The criminal history category is not to be recalculated because the ranges set forth in the Revocation Table have been designed to take into account that the defendant violated supervision.").

We have considered the remainder of Graham's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED, and the case is REMANDED for the limited purpose of entering a written statement of reasons.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk