17-3925-cr
*United States v. Fernandez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of December, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          BARRINGTON D. PARKER,
          DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                17-3925-cr

JOSEPH FERNANDEZ,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:               Jo Ann M. Navickas, Sarah Evans, Assistant
                            United States Attorneys, *for* Richard P.
                            Donoghue, United States Attorney for the
                            Eastern District of New York, Brooklyn, New
                            York.

FOR DEFENDANT-APPELLANT:    John S. Wallenstein, Law Office of John S.
                            Wallenstein, Garden City, New York.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Joseph Fernandez appeals from a judgment entered November 29, 2017 sentencing him to 18 months' imprisonment for violating the terms of his supervised release, to be served consecutively to his state court sentence for the underlying offense that was the basis for the violation. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Between May 22, 2015 and August 11, 2015, while on supervised release from a 2013 federal drug conviction, Fernandez sold cocaine, heroin, and fentanyl to New York City Police Department undercover officers on thirteen occasions. Thereafter, in New York State court, Fernandez pleaded guilty to criminal sale of a controlled substance in the third degree and was sentenced to 6 years' imprisonment. Based on this state conviction, he pleaded guilty in the district court to violating his supervised release. With a Grade A violation and a criminal history category of III at the time of his original sentence, Fernandez's sentencing range under the United States Sentencing Guidelines (the "Guidelines") for the violation was 18 to 24 months. Finding that Fernandez's conduct was a serious breach of trust, the district court sentenced

Fernandez to 18 months' imprisonment to run consecutively to his undischarged state court sentence.

On appeal, Fernandez challenges the procedural and substantive reasonableness of his sentence. We review a district court's sentence imposed for a violation of supervised release for procedural and substantive reasonableness, under a deferential abuse of discretion standard. *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015).

I.    **Procedural Reasonableness**

Fernandez argues that the district court committed procedural error in ordering his federal sentence to be served consecutively to his state sentence. He contends that the district court failed to consider U.S.S.G. § 5G1.3(b), which provides for concurrent sentences when an undischarged "term of imprisonment resulted from another offense that is relevant conduct to the instant offense." U.S.S.G. § 5G1.3(b). He argues that the facts underlying his state court conviction are "relevant conduct" pursuant to § 1B1.3(a)(1).

Fernandez's reliance on § 5G1.3(b) is misplaced as that provision applies to a new federal conviction and not the supervised release violation itself. *United States v. Cochrane*, 702 F.3d 334, 347 n.1 (6th Cir. 2012). As Application Note 4(C) explains, § 5G1.3(d) applies where "the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole,

or supervised release revoked." U.S.S.G. § 5G1.3 cmt. n.4(C). In any event, in these circumstances, the sentencing court has discretion to impose a sentence to run "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment." U.S.S.G. § 5G1.3(d).

The provisions governing supervised release violations are set forth in the policy statements contained in Chapter 7 of the Guidelines. In Chapter 7, the Commission recommends that the punishment for a violation of supervised release be consecutive to any sentence imposed for the underlying offense. Section 7B1.3(f) provides that any term of imprisonment imposed upon the revocation of probation or supervised release "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f).

Hence, the district court had discretion to impose a sentence to run consecutively to the undischarged state sentence of imprisonment, and there was no procedural error in its doing so.

## II.    Substantive Reasonableness

Fernandez's claim of substantive unreasonableness is also meritless. While Fernandez maintains that the purpose of his supervised release violation sentence could have been achieved through a one-year and one-day term of

- 4 -

imprisonment, the 18-month consecutive sentence imposed by the district court cannot be said to fall outside "the range of permissible decisions." *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).  Contrary to Fernandez's assertions, the record shows that the district court considered the policy statements contained in Chapter 7 and the § 3553(a) factors, and determined that an 18-month sentence, which fell within the low end of the agreed-upon Guidelines range, was warranted due to the seriousness of Fernandez's offense, his personal history, his continuing recidivism, and his serious breach of the court's trust.  The district court also noted that Fernandez did not "deserve[] a free ride on the breach of trust" in light of the thirteen narcotics sales Fernandez completed or facilitated while on supervised release.  App'x at 62-63.  Under these circumstances, Fernandez has failed to meet his "heavy burden" of demonstrating that his sentence is substantively unreasonable. *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

*        *        *

We have considered Fernandez's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 5 -