*United States v. Finch*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand nineteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>CHRISTOPHER F. DRONEY,
>RICHARD J. SULLIVAN,
>>*Circuit Judges*.

---

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                        No. 18-465

JOVAN FINCH,

>*Defendant-Appellant*,

---

For Appellant:                 ALAN NELSON, Lake Success, NY.

For Appellee:                  PAUL G. SCOTTI and AMY BUSA, Assistant United States Attorneys, *for* RICHARD P. DONOGHUE, United States Attorney for the Eastern District of New York, Brooklyn, NY.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

Defendant Jovan Finch appeals from the February 12, 2018 judgment sentencing him to eighteen months' imprisonment following Finch's admission that he violated the terms of his supervised release by using a controlled substance. The Government agrees that the sentence was procedurally defective and so should be vacated and remanded. We agree as well.

First, a "district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012).[1] The record here does not indicate that the district court calculated or considered the appropriate Guidelines range, as it was not mentioned at the sentencing hearing or in the ultimate judgment.

Second, "[w]hen a district judge deviates from an advisory Guidelines range, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance . . . . A major departure should be supported by a more significant justification than a minor one." *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015), *as amended* (July 22, 2015). Finch pled to a Grade C violation, *see* U.S.S.G. § 7B1.1(a)(3), and had a criminal history category of II, making the Guidelines range four to ten months' imprisonment, *id.* § 7B1.4(a). The district court thus imposed a sentence that was almost double the high end of the Guidelines range. It did so without explanation, either at the

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

sentencing hearing or in writing when it entered judgment. We thus cannot conclude that the district court had "a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

We accordingly vacate the sentence imposed by the District Court and remand for resentencing. We need not address Finch's argument that his sentence was also substantively unreasonable.

For the reasons stated herein, we **VACATE** the sentence imposed and **REMAND** the case to the district court for resentencing. Given the parties' agreement on this outcome, the mandate shall issue forthwith.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3