*United States v. De Jesus-Melendez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-five.

PRESENT:

> PIERRE N. LEVAL
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 24-2067

BRIAN XAVIER DE JESUS-MELENDEZ,

> *Defendant-Appellant.*

———————————————————————

| **For Defendant-Appellant:** | JOSHUA D. KIRSHNER, Law Office of Joshua D. Kirshner, Garden City, NY. |
| --- | --- |
| **For Appellee:** | JOSEPH H. ROSENBERG (James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 27, 2024 judgment of the district court is **AFFIRMED**.

Brian Xavier De Jesus-Melendez appeals from a judgment revoking his previously imposed term of supervised release and imposing an above-Guidelines sentence of one year's imprisonment. De Jesus-Melendez contends that his sentence is procedurally unreasonable because the district court failed to adequately explain the reasons for its upward variance and relied, in part, on unadmitted allegations in the Probation Department's violation report. For the following reasons, we affirm.

## I.     Background

In August 2023, police officers in West Haven, Connecticut responded to complaints about reckless driving by a group of off-road vehicles.   A 911 call complained that one such vehicle, an offroad motor bike, was stuck on the caller's lawn.   When the police arrived at the scene, they discovered a man trying to fix an overturned motor bike; they also encountered De Jesus-Melendez, who was standing nearby with a bag slung over his shoulder.   While the officers were speaking with the other man, De Jesus-Melendez got on his own motor bike and started the engine.   After being directed to get off the bike and turn off the engine, De Jesus-Melendez tried to leave.   So the officers put him in handcuffs and took his bag.

The officer who took De Jesus-Melendez's bag felt what seemed to be a firearm inside.   The officer then searched the bag and uncovered a loaded nine-millimeter handgun and a small container holding eight pills of what was later determined to be oxycodone.   State prosecutors eventually charged De Jesus-Melendez with carrying a pistol without a permit and possessing a controlled substance, among several other offenses.   De Jesus-Melendez later pleaded guilty to the state gun charge and was sentenced to one year in prison.

At the time of his arrest in West Haven, De Jesus-Melendez was serving a federal term of supervised release after having previously served a five-year prison sentence for possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On September 29, 2023, the Probation Department issued a report specifying eight violations of De Jesus-Melendez's supervised release. As relevant here, the third specification alleged that De Jesus-Melendez violated the terms of his supervised release by committing the state crime of carrying a pistol without a permit.

De Jesus-Melendez admitted that specification during a hearing held before the district court on July 18, 2024. App'x at 41:19–21. At sentencing, the district court emphasized that the third specification involved conduct – namely, De Jesus-Melendez's "possession of a loaded firearm, together with a number of oxycodone tablets" – that was "very similar, if not identical" to the conduct underlying his prior federal conviction. *Id.* at 49:19–21. The district court explained that the nature of De Jesus-Melendez's conduct justified an upward variance from his advisory Guidelines range of four- to ten-months' imprisonment. The district court accordingly revoked De Jesus-Melendez's supervised release and sentenced

4

him to a one-year term of imprisonment, to run consecutive to his undischarged state sentence. De Jesus-Melendez timely appealed.

## II. Discussion

Because De Jesus-Melendez did not challenge the procedural reasonableness of his sentence before the district court, he must identify a "plain error that affects [his] substantial rights." Fed. R. Crim. P. 52(b). As relevant here, a district court procedurally errs at sentencing by: (1) "failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range," or (2) "selecting a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007). De Jesus-Melendez maintains that district court fell short in both respects. We disagree.

First, the district court's explanation was more than sufficient to justify a two-month upward variance in this case. As the district court observed, the conduct underlying De Jesus-Melendez's violation of supervised release – possession of a firearm together with drugs – was "very similar" to the offense that landed him on supervised release in the first place. App'x at 49:19. We see no error, let alone plain error, in the district court's determination that a sentence of twelve months' imprisonment was therefore appropriate to reflect the nature and circumstances of De Jesus-Melendez's violation, to deter him from engaging

5

in misconduct of that sort in the future, and to protect the public. *Id.* at 50:10–51:19.[1]

We are equally unpersuaded by De Jesus-Melendez's contention that the district court was required to make additional factual findings before considering that the handgun he possessed was loaded and that he possessed the weapon together with the oxycodone pills. It is well-established that "sentencing courts have broad discretion to consider various kinds of information." *United States v. Watts*, 519 U.S. 148, 151 (1997). Indeed, the Supreme Court has made clear that a sentencing judge is "largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Concepcion v. United States*, 597 U.S. 481, 492 (2022) (internal quotation marks omitted). The district court therefore acted well within its discretion in relying on the information in the

---

[1] Through a Rule 28(j) letter, De Jesus-Melendez argues for the first time that the district court erred by considering a need for retribution under 18 U.S.C. § 3553(a)(2)(A), contrary to the Supreme Court's recent decision in *Esteras v. United States*, 145 S. Ct. 2031 (2025). But in *Esteras*, the Supreme Court "address[ed] only whether § 3583(e) precludes the court from considering retribution for the *underlying criminal conviction*." *Id*. at 2040 n.5 (emphasis added). Although the district court here did refer to the fact that De Jesus-Melendez had "been previously convicted of using and carrying a firearm in connection with a drug trafficking offense," App'x at 50:14–16, it did so for purposes of explaining why a substantial prison sentence was necessary to promote deterrence and to protect the public. *Id.* at 50:24–51:4 ("One would think that a five-year sentence of imprisonment would have been sufficient to deliver the message, but the message has not gotten through. So the consequences of deciding to go back to that conduct, they have to be severe to ensure that the message is delivered."). Thus, *Esteras* suggests no error in the district court's sentencing rationale, much less plain error.

Probation Department's violation report concerning De Jesus-Melendez's gun and drug possession, which De Jesus-Melendez assured the district court was undisputed. *See* App'x at 42:23–24 (district court characterizing the underlying conduct as "possession of a loaded firearm" together with "possession of oxycodone"); *id.* at 44:15–16 (De Jesus-Melendez confirming, through counsel, that he "[didn't] dispute any of [the district court's] comments previously about the severity of [his] violation").

Our decision in *United States v. Aldeen*, 792 F.3d 247 (2d Cir. 2015), does not suggest a different outcome. There, we held that in the absence of additional factual findings, the district court erred by relying on (1) conduct relevant to a condition of supervised release that the district court adjudged the defendant not to have violated, and (2) information that the Probation Department supplied without identifying its source. *See id.* at 254. Here, De Jesus-Melendez made clear that he was *not* disputing the relevant facts, as articulated by the district court, concerning his gun and drug possession. And the Probation Department's violation report indicates that the information was derived from a police report concerning his August 2023 arrest. Under these circumstances, the district court

7

was not required to hold an evidentiary hearing that no one requested to resolve factual questions that nobody asked.

*    *    *

We have considered De Jesus-Melendez's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court